UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  ) Case No: 00-10125-JLT
         Plaintiff  )
                              )
v.  )
                              )
MICHAEL RICHMOND  )
         Defendant  )
                              )

### EMERGENCY MOTION FOR RELEASE AND BOND

NOW COMES the defendant, MICHAEL RICHMOND (Richmond), Pro Se, and moves this honorable court for an emergency motion setting bond pending this court's ruling on his §2255, filed    Sept 04.  In support of this motion, Richmond states:

On June 24, 2004, the United States Supreme Court decided Blakely v Washington, 2004 WL 1402697.  Blakely held that any sentencing enhancement not reflected in the jury's verdict or pled to in a plea agreement violated the Sixth Amendment. Two District Courts in the First Circuit found that any enhancements of a defendant's base offense level by a judge not admitted to in a plea agreement or proven beyond a reasonable doubt to a jury violates the Sixth Amendment as ruled in Blakely.  See U.S. v Moran, 02-10136-REK (7/8/04) (holding that drug quantity greater than that pled to could not be used to enhance a sentence); and U.S. v Zompa, 04-46-PS-01 (26 Jul 04) (holding that any enhancement for drug quantity would violated defendant's right and denying a separate jury for findings of fact).

1

To Richmond's knowledge, the First Circuit has not remanded any cases in a similar situation for consideration of a notion of this nature. The Seventh Circuit did remand and Bonnie Lagiglio was given bond pending the results of the decision in front of the Supreme Court in U.S. v Booker, 375 F.3d 508) (7th cir 2004) (holding the U.S. Sentencing Guidelines unconstitutional) Like Richmond, Lagiglio had completed that part of her sentence which exceeded the maximum she could have received under Blakely. U.S. v Lagiglio 2004 WL 17186653 (N.D. Ill.) (granting Lagiglio recognizance bond).

Richmond meets all requirements for release under 18 USC § 3143(b)(1). That states:

"A court considering bail pending appeal (see note 1 - at end) must first determine whether the question raised by the appeal is substantial" and then must decide whether the court is likely to vacate the appeal. Id.

Richmond's § 2255 raises the issue that he was sentenced to a longer term than which he pled to under the facts of his plea. Richmond claims that Blakely is retroactive to him since it announced a new substantial structural right.

Before Richmond self-surrendered at Oxford Prison Camp, he was on a $50,00 appeal bond after his 4/11/2001 sentencing.

Richmond goes to halfway house on 2/3/05 and will suffer irreparable harm by continued absence from his family because of the constitutional error in his sentence enhancements.

2

Richmond should not be incarcerated while awaiting this court's ruling on his § 2255 since his current sentence cannot be supported under <u>Blakely</u>. Richmond is now serving time that exceeds the sentencing range (30-37 months) that he should have been given.

18 USC § 3141 states that this court has authority to give Richmond bond pending his appeal of his sentence. This authority applies to courts pending habeas proceedings. <u>Ex Parte Perkov, S.D. Cal 1942, 45 F.Supp 864</u>. Given <u>Blakely</u>, Richmond's high probability of having his sentence reduced on his § 2255, and the fact that the U.S. Supreme Court will decide two appellate cases on <u>Blakely</u> in October (<u>Booker</u> and <u>Fanfan</u> that will likely take longer for the decision), Richmond asks this court to reinstate bond. In essence, Richmond's position is similar to a defendant prior to conviction. As noted at the original bond hearing in this court, he is neither a flight risk nor a danger to the community.

NOTE 1: The use of the word appeal throughout this motion stands for the appeal of Richmond's sentence through his § 2255 habeas motion.

Oxford Prison Camp
P.O. Box 1085
Oxford, WI 53952

*Michael Richmond*
MICHAEL RICHMOND

3