FILED
IN CLERKS OFFICE

2004 OCT 13 A 9:47

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 00-10125-JLT |
| ) | |
| v. ) | |
| ) | |
| MICHAEL RICHMOND ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION UNDER 18 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

The government hereby opposes the Defendant's "Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence," ("Def.'s Motion"), in which he argues that the Supreme Court's decision in Blakely v. Washington, 2004 WL 1402697 (2004) nullifies his sentence insofar as it is based on sentencing enhancements that were not proven to a jury beyond a reasonable doubt. The Court should reject the defendant's argument because he is barred by his own plea agreement from making an attack on this ground, and even if the plea agreement does not mean what it says, Blakely still does not apply retroactively.

I. **The Defendant's Attack is Barred By a Provision in His Plea Agreement Which Limits Collateral Attacks Only to Those Based On Rules Actually Held By the First Circuit or the Supreme Court to Have Retroactive Effect.**

The defendant's motion is barred by the language of his plea agreement which he, himself, acknowledges and quotes in his Motion. See Def. Mot. at 1. Specifically, the plea agreement includes the standard collateral attack prohibition used in plea agreements in this district, which says that the defendant waives his right to attack his sentence collaterally unless the challenge "is based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement *which are held* by the First Circuit or Supreme Court to have retroactive effect."

(emphasis added). The defendant cites no decision by the First Circuit, the Supreme Court or any other court -- as there are none -- in which the court actually held that Blakely applies retroactively. The collateral attack bar was included in the plea agreement specifically to prevent attacks such as these, in which an appellate court announces a rule that, in some attenuated way, provides a defendant with a basis to argue that is applies retroactively. By negotiating a provision that limits challenges to those based on decisions in which the First Circuit or Supreme Court, the two courts with appellate jurisdiction over cases in this District, have actually *held* a rule to be retroactive, the government is relieved of having to devote resources to speculative collateral challenges.

The defendant accepted this provision as part of the bargain he entered into with the government, and he should be held to it. Because the defendant makes no suggestion that he somehow entered into the agreement involuntarily, the Court summarily should reject his motion.

## II. Even in the Absence of the Requirement that the First Circuit or the Supreme Court Have Held a Rule to Be Retroactive, the Defendant's Challenge Should Fail Because Blakely Does Not Apply Retroactively.

The Defendant conveniently disregards the plea agreement's requirement that a rule must be held to be retroactive before a challenge based on it may be made. Instead, he simply argues that the Blakely rule is retroactive, and therefore, the Court should invalidate his sentence to the extent that it is inconsistent with the rule. The defendant's argument is based on an erroneous interpretation of the Supreme Court's jurisprudence on retroactivity, and accordingly should be denied.

The principle adopted in Blakely constitutes a "new constitutional rule of criminal procedure," which, under Teague v. Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases that became final before the decision was announced.[1] The Supreme Court's decision in

---

[1] The Supreme Court has defined a "new rule" under Teague as one that was not "'dictated by precedent existing at the time the defendant's conviction became final.'" Graham v. Collins, 506 U.S.

Schriro v. Summerlin, 2004 WL 1402732 (June 24, 2004), issued the same day as Blakely, supports forecloses any argument that Blakely is something other than a new procedural rule. In Summerlin, the Court considered whether Ring v. Arizona, 536 U.S. 584 (2002), applies retroactively to cases that had already become final when Ring was decided. Ring held that because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge. Summerlin's conviction and death sentence, which was imposed under the same Arizona law that was at issue in Ring, became final long before Ring was decided.

The Supreme Court held that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." 2004 WL 1402732, at *7. The Court explained that a "new rule" resulting from one of its decisions applies to convictions that are already final only in limited circumstances. New substantive rules generally apply retroactively, but new procedural rules generally do not – only "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding' are given retroactive effect. Id. at *3. The Court concluded that Ring's holding is properly classified as procedural, rather than substantive, because it did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct. Id. at *4. The Court also held that Ring did not fall within Teague's narrow exception for "watershed rules" of criminal procedure. To qualify as a watershed rule, the Court explained, a new

---

461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)); see Sawyer v. Smith, 497 U.S. 227, 234 (1990). Subsequent decisions have made clear that a rule may be "new" despite the fact that earlier cases supported it, Sawyer v. Smith, 497 U.S. at 236, "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990). Under this definition, Blakely clearly announced a new rule for Teague purposes.

procedural rule must be one "without which the likelihood of an accurate conviction is seriously diminished." Id. The Court held that Ring did not announce a watershed rule of criminal procedure because it could not confidently say that judicial fact finding seriously diminishes the accuracy of capital sentencing proceedings. Id. at *4-*5.

Consistent with the reasoning of Summerlin, all of the courts of appeals have held that because Apprendi is a procedural rule that does not fall within the "watershed" exception, it is not retroactively applicable to cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001).

Because there is no reason to suggest that the rule announced in Blakely, rooted as it was in the Apprendi and Ring holdings, should be treated any differently. More to the point, the defendant offers no reason to believe – again, because there are none – that the Blakely rule, if applied to his case, would have enhanced the "accuracy" of his conviction or sentence. Therefore, the Court should reject the defendant's motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JONATHAN F. MITCHELL
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>    Michael Richmond
>    Oxford Prison Camp
>    P.O. Box 1085
>    Oxford, WI 53952

This 13th day of October, 2004.

_____
Jonathan F. Mitchell
Assistant United States Attorney