UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 00-10125-JLT |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL RICHMOND, ) | |
| Defendant ) | |

RICHMOND'S REPLY BRIEF TO GOVERNMENT'S
REPONSE BRIEF TO DEFENDANT'S MOTION UNDER 28
USC §2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE

NOW COMES the defendant, MICHAEL RICHMOND (Richmond), Pro Se, and replies to the Government's (Govt) response to his § 2255 motion. In support of that reply, Richmond states:

1. RICHMOND'S ATTACK ON HIS SENTENCE IS NOT
BARRED BY A WAIVER PROVISION IN HIS PLEA AGREEMENT
LIMITING COLLATERAL ATTACKS

The Govt misintreprets the Blakely decision and provisions of the Blakely case that specifically make that decision retroactive to Richmond. Blakely is retroactive not only because it is an application of Apprendi but the Supreme Court has held Blakely is new constitutional law. The Govt concedes as much in Note 1 to its response. A careful reading of Blakely indicates that it is a new structural rule, encompassin the procedural aspect of Apprendi to the U.S. Sentencing Guidelines as mandated by Guidelines but only as judicial fact finding that violates the Sixth Amendment. See Booker v United States, 375 F.3d 508, 511 (7th cir. 1994)

1

The Govt concedes that if <u>Blakely</u> is retroactive then Richmond's appeal waiver is inapplicable since argument II states that because the First Circuit or the Supreme Court has not made a specific finding on "held" retroactivity. And if the analysis that the Govt makes is correct, then Richmond has put the cart before the horses, so to speak.

The Govt misses the boat on this issue. An appellate court and district court can find that a Supreme Court ruling is retroactive for purposes of collateral attack. Three circuits have ruled that for purpose of collateral attack under 28 USC 2255 8(2) (a successive attack) where a new rule must be made applicable retroactively by the Supreme Court. But, Richmond is not attempting a successive collateral attack. On initial § 2255, district and appellate courts, no less than the Supreme Court may issue opinions "holding" that a decision applies retroactively to cases on collateral review. <u>Ashley v U.S., 266 F.3d 671 (7th cir 2001)</u>; <u>U.S. v Lopez, 248 F.3d 427 (5th cir 2001)</u>; <u>Wiegland v United States, 6th cir, No. 02-1740 (Aug 19, 2004)</u>. In order for Richmond to have an opportunity to file a successive § 2255 (as the language in his waiver suggests he must do) in order to reach the claims "made" retroactive by the Supreme Court, he must first file a 1st § 2255. The obvious problems with the language in the waiver should allow for its being void for vagueness. No First Circuit appellate court has ruled on <u>Blakely</u>'s retro-

tivity and this court should also decide this case on this same basis. Otherwise, Richmond will never be able to be in a position to ask the Supreme Court for a specific ruling, as Govt suggests.

The Govt is correct in that at the time of this brief neither a Supreme Court nor any First Circuit ruling exists that makes Blakely retroactive to Richmond, however, the Supreme Court has heard oral arguments on Booker and United States v Fanfan No 03-47-P.H. In Fanfan's case, the Supreme Court might rule that the Federal Guidelines are completely unconstitutional. In any event, the Supreme Court will have the final say in the matter.

2. BLAKELY'S USE OF THE MAXIMUM GUIDELINES FROM THE SENTENCING TABLE MAKES IT A NEW "WATERSHED" RULE OUTSIDE OF THE RULE OF SCHRIRO

Blakely, like Apprendi before it, certainly changed procedural rules and, unlike Apprendi, went beyond Apprendi's ruling that:

> "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury or proven beyond a reasonable doubt."

Apprendi v New Jersey, 530 U.S. 446, 466 (2000). Apprendi has not been held retroactive by any circuit court because that rule was not found to be a "watershed" rule of criminal procedure needed in Teague for an exception to the retroactivity rule. See Teague v Lane, 489 U.S. 288 (1989). All Schriro did was recon-

3

firm the Teague rule as to Ring. The majority in Schriro stated that Ring announced a new procedural rule that was not retroactive on review. The four disenting judges in Schriro stated that Teague's basic purpose strongly favored retroactive application of Ring's rule.

Finally, Schriro never stated that Blakely did not apply retroactively as Richmond expects the Supreme Court to specifically clarify. In point of fact, Richmond has served his sentence (38 months), and is now serving time improperly because the Govt denies the obvious though he is unfairly incarcerated for an additional three months until halfway house.

## CONCLUSION

For reasons argued in his brief, Richmond beieves that Blakely is retroactive to him and asks this court to rule that it is retroactive, his waiver is invalid and to resentence him and immediately release him from confinement. Alternately, Richmond asks this court to delay any decision until the Supreme Court clarifies the issue, or to rule on Blakely's retroactivity directly.

Oxford Prison Camp
P.O. Box 1085
Oxford, WI 53952

*/s/ Michael Richmond*
MICHAEL RICHMOND

CERTIFICATE OF SERVICE

I certify that I did serve the party listed below in the Service List with a copy of the attached Reply to Government Response by placing a copy of same, postage pre-paid, in a mailbox located at Oxford Prison Camp on 22 October, 2004 at 10:00 pm.

*Michael Richmond*
MICHAEL Richmond

Service List:

U.S. Attorneys Office
1 Courthouse Way, Suite 9200
Boston, MA   02210