UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
        Plaintiff )  Case No: 00-10128-JLT
)
v. )
)
MICHAEL RICHMOND )
        Defendant-Movant )

MEMORANDUM IN SUPPORT OF
RICHMOND'S MOTION UNDER 28 U.S.C.A. §2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE

On September 4, 2004, the Movant, Michael Richmond, Pro Se, filed a Motion under 28 U.S.C. §2255. This Memorandum is respectfully submitted in support of Richmond's motion.

ARGUMENT

I. Richmond did not waive the right to attack his sentence based upon a <u>Blakely</u> argument.

A "waiver" is the intentional relinquishment or abandonment of a known right. United States v. Sines, 303 F.3d 793 (7th Cir. 2002). "The party alleged to have waived a right must have had both knowledge of the existing right and the intention of foregoing it." <u>Blacks Law Dictionary</u>, p.1611. If a legal rule was violated during the District Court proceedings, and if the defendant did not waive the rule, then there has been an "error" within the meaning of Rule 52(b) despite the absence of timely objection. <u>53 CRL 2052</u> (4-28-93).

1

Consequently, whether <u>Blakely</u> is retroactive is not relevant to Richmond's waiver in this instance because he (1) did not have the requisite knowledge of <u>Blakely</u> in order to forego the right; and (2) he was sentenced to a longer term in prison than the statute allowed based on his guilty plea and the United States Sentencing Guideline range. This voids Richmond's waiver of Appeal or collateral attack.

In Richmond's case, the facts encompassed in his guilty plea (or that a jury would have been required to find in order to convict) permitted a sentence between 30 and 37 months. He received a 51 month sentence. Under the Sentencing Guidelines, this increased sentence could be imposed only upon proof of additional facts. As this case illustrates, however, those facts were found by a judge, not a jury, and by a preponderance of the evidence rather than beyond a reasonable doubt.

Because the opening brief discussed the facts in <u>Blakely</u> and <u>Apprendi</u> at length, Richmond will not repeat that discussion here. For present purposes, it is sufficient to note that the government continues to approach Richmond's claim by elevating form over substance, while the Supreme Court has taken precisely the opposite approach in both <u>Apprendi</u> and <u>Blakely</u>. Thus, the government places great weight on the fact that Richmond agreed to a waiver as part of his plea agreement. But this simple assertion obscures the fact that Congress created the Sentencing Guidelines Commission which in turn established a standard sentencing range that capped

Richmond's maximum sentence at 37 months absent a separate finding of aggravating circumstances. Richmond, like Blakely, was therefore sentenced to a longer term in prison than the sentencing guidelines otherwise allowed based on his guilty plea.

II.  Richmond has challenged the Court's factual findings that led to increases in the base offense level for his mail fraud conviction. The Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), has called into question the constitutionality of sentencing enhancements based on facts not found by a jury. Following <u>Blakely</u>, any facts that subject a defendant to a longer sentence than provided by statute in the absence of such facts must be found by a jury beyond a reasonable doubt. This statutory maximum is the maximum of the Guideline sentencing range, without enhancements. Nor can a state sidestep these constitutional safeguards --- that Apprendi described as "constitutional protections of surpassing importance," 530 U.S. at 476 -- merely by re-labeling them as sentencing factors.

Next, the government will argue that even if Richmond did not waive his right to bring a collateral attack because of <u>Blakely</u>, he forfeited it. The government generally argues that to preserve a <u>Blakely</u> objection, defendants must have argued in the district court that the Guidelines or procedures used to determine Guideline factors were unconstitutional under <u>Apprendi</u> or the Fith and Sixth Amendments. See United States v. Candelario, 240 F.3d 1300, 1304 (11th Cir. 2001)(objection is sufficient to preserve

3