# United States District Court
# District of Massachusetts

MICHAEL D. RICHMOND,

    V.                                  CIVIL ACTION NO. 04-12071-JLT

UNITED STATES OF AMERICA.

## *REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (#1)*

COLLINGS, U.S.M.J.

    The petitioner's Motion, Etc. (#1) is based on the argument that he was sentenced on the basis of factors which had to be established by a jury under the holding of *Blakeley v. Washington,* 124 S. Ct. 2531, 2537-38 (2004). Of course, a short answer to this contention is that the petitioner pled guilty to the charges and admitted to the facts which formed the basis of a greater sentence, so it is hard to see how he has been deprived of his right to a jury trial. To be even more succinct, a person waives his right to a jury trial when he pleads

guilty. Of course, petitioner may argue that he would not have pled guilty and admitted to the additional facts had *Blakeley* been the law when he decided to plead. However, the Court need not decide the case on the basis of waiver by plea; rather, this is a case of explicit waiver which is found in the written plea agreement which petitioner signed.

The petitioner evidently concedes that he signed the plea agreement and that the agreement provides that he waived his right to attack his sentence collaterally unless the challenge "...is based on new legal principles in First Circuit or Supreme Court cases decided after the date [of the plea agreement] which are held by the First Circuit or Supreme Court to have retroactive effect."

On January 12, 2005, the Supreme Court decided the *Booker* and *Fanfan* cases which resolved the issue of whether the holding of *Blakeley* was applicable to the federal Sentencing Guidelines. The Court ruled that the holding of *Booker/Fanfan* must be applied to all cases on direct review. *United States v. Booker,* 125 S. Ct. 738, 769 (2005). However, the holding is not retroactive as to defendants whose convictions became final before the date of the *Booker/Fanfan* decision. *McReynolds et al. v. United States,* 2005 WL 237642, *2 (7 Cir., 2/2/2005).

While *McReynolds* is not a First Circuit case, the Court is of the view that the First Circuit, if faced with the issue, would decide it in the same way and hold that the *Booker/Fanfan* decision is not retroactive to any sentence which became final before January 12, 2005. Since petitioner's sentence became final before that date, he is barred by the plea agreement from seeking collateral relief on the basis contained in the Motion, (#1) in the instant case.

Accordingly, I RECOMMEND that the Motion to Set Aside, Vacate or Correct Sentence (#1) be DENIED and that JUDGMENT enter DISMISSING the above-styled § 2255 Petition.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*,

848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

February 7, 2005.